# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 15, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JEANIE WISE,**
**Claimant Below, Petitioner**

**vs.)  No. 14-0181** (BOR Appeal No. 2048531)
(Claim No. 2008013086)

**WAL-MART ASSOCIATES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeanie Wise, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wal-Mart Associates, Inc., by Karin L. Weingart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 27, 2014, in which the Board affirmed a June 7, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 1, 2012, decision holding the claim compensable for rotator cuff sprain, cervical disc displacement, lumbar spinal stenosis, knee contusion, sprain of the shoulder/arm not otherwise specified, lumbosacral sprain, and sprain of the knee and leg not otherwise specified and denying the addition of chronic kidney failure and chronic hoarseness.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] The only issues on appeal before this Court are the denial of the addition of chronic kidney failure and chronic hoarseness to the claim.

1

Ms. Wise, a clerk, was injured on September 24, 2007, when she fell on a wet rug. The claim was held compensable for rotator cuff sprain, cervical disc displacement, lumbar spinal stenosis, knee contusion, sprain of the shoulder/arm not otherwise specified, lumbosacral sprain, and knee and leg sprain not otherwise specified. The claims administrator denied the addition of chronic kidney failure and chronic hoarseness to the claim on November 1, 2012.

Treatment notes by Richard Gais, M.D., from 1991 through 2010, indicate that Ms. Wise complained of constant sinus drainage and hoarseness as well as recurrent episodes of bronchitis. In a June 13, 2008, independent medical evaluation, Charles Werntz, D.O., also noted that Ms. Wise had sinus difficulties, trouble swallowing, and hoarseness. She underwent cervical spine surgery in March of 2009. Robert Gerbo, M.D., stated in a May 23, 2012, treatment note that Ms. Wise received an injection for her left vocal cord on March 16, 2012, but her hoarseness was still present. Ms. Wise was evaluated in an independent medical evaluation by Christopher Martin, M.D., on August 13, 2012. In that evaluation, she reported that she began to lose her voice and developed hoarseness in September of 2011. She said that she saw an ear, nose, and throat specialist (ENT) who attributed it to her cervical surgery in 2009. She had an injection which provided relief for less than six months. Dr. Martin noted that she was hoarse but easily understandable. He opined that her hoarseness was not compensable under this claim. He found that the ENT that treated her hoarseness attributed it to dysphonia, a common condition that can be idiopathic in many cases. In support, he noted that the ENT did not relate her hoarseness to her compensable injuries or surgeries.

Ms. Wise was evaluated in a second independent medical evaluation on September 27, 2012, by Bruce Guberman, M.D. At that time, she reported that she developed hoarseness after her second lumbar surgery. She asserted that she has to undergo injections yearly to treat the hoarseness and that she has difficulty swallowing. Dr. Guberman assessed chronic hoarseness as a complication of cervical spine surgery with atrophy of the left vocal cord and opined that the condition was a result of her compensable injury. Jason McChesney, M.D., requested that partial left vocal paralysis and hoarseness be added to the claim on October 31, 2012. He stated that the condition was most likely due to intubation during cervical spine surgery.

In regard to chronic kidney failure, Dr. Gais indicated in his treatment notes that Ms. Wise had back pain for which she had taken Motrin since 1993. In 2010, it was noted that her creatinine levels were elevated, that she had chronic Motrin use, and that she was advised to discontinue the medication but had failed to do so. Dr. Gerbo stated in a March 8, 2011, letter that she had discontinued the use of ibuprofen due to elevated creatinine levels. He stated that her creatinine was 1.4 in September of 2011, and 1.34 in May of 2012. In September of 2012, Dr. Gais noted in a letter that she had mild deterioration of kidney function and that her creatinine levels peaked in March of 2009 and then fell to normal levels over the next three years. Bruce Guberman, M.D., found in his independent medical evaluation that Ms. Wise had chronic mild renal failure due to nonsteroidal anti-inflammatory medication. He opined that the condition was the result of her compensable injury and requested that it be added to the claim.

The Office of Judges affirmed the claims administrator's decision in its June 7, 2013, Order. It found that Dr. McChesney's diagnosis update request listed the primary diagnosis as

2

paralysis of the vocal cords and the secondary diagnosis as hoarseness. He opined that the diagnoses were based on an abnormal laryngoscopy/stroboscopy showing left cord weakness and atrophy, which was most likely due to cervical surgery or intubation. However, the Office of Judges found that Dr. Martin disagreed. He found that hoarseness was documented in Dr. Werntz's independent medical evaluation, which was conducted prior to the cervical surgery. Further, the ENT specialist did not causally connect Ms. Wise's symptom to her surgery. Instead, he attributed the hoarseness to muscle tension dysphonia, a common condition which is idiopathic in most cases. The Office of Judges further found that Ms. Wise had issues with hoarseness prior to the compensable injury. Dr. Gais's treatment notes document complaints of constant sinus drainage, hoarseness, frequent episodes of bronchitis, congestion, cough, and sore throat as early as 1991. It was therefore concluded that Ms. Wise failed to provide sufficient evidence to establish that hoarseness is a compensable component of the claim.

In regard to kidney failure, the Office of Judges found Dr. Gais's September 20, 2012, treatment note showed an elevation of Ms. Wise's creatinine and mild deterioration in kidney function. In June of 2007, her creatinine was normal at 0.9 and gradually rose to a peak of 1.8 by March of 2009. Dr. Gais stated that the level had gradually returned to normal over the following three years. He found presumptive evidence that she was on high dose non-steroidal anti-inflammatory drugs for her orthopedic problems. However, the Office of Judges found that a report from Dr. Gais dated October 23, 2010, stated that Ms. Wise had chronic Motrin use, had been advised to discontinue the medication, and that she refused to do so. At that time, her creatinine was at 1.38, and she was again advised to discontinue the use of Motrin. The Office of Judges found that Dr. Gais's September 20, 2012, letter stated that her levels had gradually returned to normal. Additionally, a treatment note by Sandford Emery, M.D., dated December 10, 2012, noted that her renal insufficiency was improving. The Office of Judges therefore found no error in the claims administrator's denial of the addition of chronic kidney failure to the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 27, 2014.

On appeal, Ms. Wise argues that hoarseness from intubation during surgery and kidney failure from chronic medication use should be added as compensable components of the claim. Wal-Mart Associates, Inc., asserts that kidney failure is not a compensable condition. It argues that Ms. Wise attributes her kidney condition to the use of Motrin; however, she began using the medication as early as 1993, well before her compensable injury occurred. Also, her kidney levels returned to normal in 2012. Wal-Mart Associates, Inc., also argues that Ms. Wise's hoarseness pre-existed the compensable injury and is therefore not compensable in this claim.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Ms. Wise reported hoarseness well before the compensable injury. Treatment notes as far back as 1991 note frequent bronchitis, constant sinus drainage, and hoarseness. Also, she reported hoarseness in an independent medical evaluation conducted prior to the surgery that she alleges caused the condition. Her chronic kidney problems are also non-compensable. The record indicates that her elevated creatinine levels are the result of chronic Motrin use, and she began taking prior to the

3

compensable injury. Also, she was advised many times to discontinue the medication and failed to do so.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 15, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II